FILED
2002 JAN -8 PM 3: 34
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

EDDIE NICHOLS,

    Plaintiff,

v.                                Civil Action No. CV-00-J-3506-S

COCA-COLA BOTTLING COMPANY
UNITED, INC.,

    Defendant.

ENTERED
JAN 8 2002

## MEMORANDUM OPINION

Currently pending before the court is the defendant's motion for summary judgment (doc. 7), evidentiary materials in support of its motion (doc. 8), memorandum of law, and reply brief. The plaintiff submitted a brief in opposition thereto with supporting evidentiary materials. The court has reviewed the motion, the memoranda of law, and the evidentiary submissions of the parties. Upon consideration of the pleadings, briefs, and evidentiary submissions, the court concludes that the defendant's motion for summary judgment is due to be **GRANTED**.

### I. Procedural History

Plaintiff commenced this action on December 6, 2000 by filing a complaint (doc. 1) alleging that defendant failed to promote him because of his race (black) in violation of 42 U.S.C. § 1981 and because of his age in violation of the Alabama Age Discrimination

in Employment Act, Alabama Code §§ 25-1-20 through 25-1-29.[1]

## II. Factual Background

Plaintiff began working for defendant Coca-Cola Bottling Company United, Inc. ("United") in 1972. Nichols Depo. at 12. Plaintiff held several positions at United. In 1983, plaintiff began working as a helper in Bulk Sales. *Id.* at 20. Plaintiff held this position until 1989 when he became a Cooler Truck Lift Helper. *Id.* at 17-18. In 1994, plaintiff secured his current position as a Cooler Truck Lift Driver. *Id.* at 17. Plaintiff delivers vending machines sold by defendant. *Id.* at 15. None of plaintiff's positions involves sales. *Id.* at 16-20.

In September 2000, United posted an opening for the position of Fountain Route Salesperson. *See* Pla. Ex. 2. The position had the following qualifications:

> (1) Ability to be courteous and pleasant to customers. (2) Valid drivers license and good driving record. (3) Ability to make mathematical computations necessary to complete sales forms. (4) Have physical ability to perform heavy manual labor necessary for loading and unloading trucks and vending machines. (5) Proven ability to follow instructions. (6) Take pride in job and appearance. (7) Good attendance record. (8) CDL required.

Pla. Ex. 2. The position's responsibilities were divided into seventy percent sales of United's products and thirty percent driving to United's accounts in the Birmingham area. Stewart Depo. at 27.

Five applications were submitted for the position, but only applicants plaintiff and Cory Calvert, a white male, had a CDL. Stewart Depo. at 7. Gregory Stewart, Area

---

[1]Plaintiff's complaint states that plaintiff was terminated, but there is no mention of his termination in the evidence nor in the briefs.

2

Manager of Classic Foods, and Donald Sutter, Cold Drink Sales Manager, evaluated the applicants. Sutter conducted the preliminary interviews. Sutter Depo. at 11. Stewart conducted the second interviews. Stewart Depo. at 12. Stewart and Sutter then discussed the candidates. They concluded that Calvert was the better candidate because he had sales experience, more education, and a greater familiarity with the sales area and with the product. Stewart Depo. at 8; Sutter Depo. at 10-13. Sutter noted that plaintiff failed to make eye contact during the interview; Sutter felt that making eye contact was "pretty important" to working in a sales position. Sutter Depo. at 12.

Plaintiff maintains that the defendant selected Calvert because of racial animus, noting that whites "didn't have no problems getting the job." Nichols Depo. at 47. Plaintiff testified that defendant discriminated against him on the basis of his age because "I just feel like some companies - - they - - they want a younger man at - - a younger man at - - doing the job because they feel like they'll be there longer." *Id.* at 48.

### III. Standard of Review for Evaluating a Summary Judgment Motion

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). As the Supreme Court has explained the summary judgment standard:

[T]he plain language of Rule 56(c) mandates the entry of summary

3

> judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be no genuine issue as to any material fact, since the complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial.

*Celotex Corp.*, 477 U.S. at 322-23. The party moving for summary judgment always bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the pleadings or filings which it believes demonstrates the absence of a genuine issue of material fact. *Id.* at 323. The burden then shifts to the non-moving party to "go beyond the pleadings and by . . . affidavits, or by the 'depositions, answers to interrogatories, and admissions on file' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324, Fed. R. Civ. Pro. 56(e). In meeting this burden the non-moving party "must do more than simply show that there is a metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). That party must demonstrate that there is a "genuine issue for trial." Fed. R. Civ. Pro. 56(c); *Matsushita*, 475 U.S. at 587. *See also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The non-movant must "demonstrate that there is indeed a material issue of fact precluding summary judgment." *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991).

On motions for summary judgment, the court shall construe the evidence and factual inferences arising therefrom in the light most favorable to the nonmoving party. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). The substantive law will

identify which facts are material and which are irrelevant. *Anderson,* 477 U.S. at 248. All reasonable doubts about the facts and all justifiable inferences are resolved in favor of the non-movant. *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson*, 477 U.S. at 248. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted. *Id.* at 249. The basic issue before the court on a motion for summary judgment is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251-52.

### IV. Legal Analysis

In Count I of the complaint, plaintiff contends that his failure to receive a promotion constitutes racial discrimination in violation of 42 U.S.C. § 1981. Section 1981 discrimination claims are analyzed using the same framework as Title VII. *See Peterson v. BMI Refractories*, 132 F.3d 1405, 1412 n.13 (11th Cir. 1998). Plaintiff provides no direct evidence of discrimination, and therefore must proceed utilizing circumstantial evidence. In evaluating whether a plaintiff has offered sufficient circumstantial evidence to create a genuine issue of fact to be submitted to a jury, the Court shall apply the familiar legal framework outlined in *McDonnell Douglas* and its progeny. *See McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817 (1973); *Texas Department of Community Affairs v. Burdine,* 450 U.S. 248, 101 S.Ct. 1089 (1981); *Busby v. City of Orlando*, 931 F.2d 764, 777 (11th Cir. 1991). Under this

framework, plaintiff has the initial burden of establishing a prima facie case of discrimination. *McDonnell Douglas,* 411 U.S. at 802, 93 S. Ct. at 1824.

According to the *McDonnell Douglas* framework, plaintiff must first establish a prima facie case of discrimination by showing that (1) he is a member of a protected class; (2) he was qualified for and applied for the promotions in question; (3) he was rejected despite those qualifications; (4) that other equally or less qualified employees who were not members of the protected class were promoted. *See Denny v. City of Albany*, 247 F.3d 1172, 1183 (11th Cir. 2001). Establishment of a prima facie case creates a presumption that the employer unlawfully discriminated against the employee. *See Texas Dept. of Community Affairs v. Burdine*, 450 U.S. 248, 254, 101 S. Ct. 1089, 1094 (1981); *Combs v. Plantation Patterns*, 106 F.3d 1519, 1527 (11th Cir. 1997).

Plaintiff has established that he is a member of a protected class; he met the qualifications and applied for the position; he was rejected; and defendant hired a person who was not in the protected class. Thus plaintiff has established a prima facie case. *See Walker v. Mortham*, 158 F.3d 1177 (11th Cir. 1998).

Establishment of a prima facie case creates a presumption of unlawful discrimination, a presumption that causes the burden of production to shift to the employer to articulate a legitimate, non-discriminatory reason for the challenged employment action. *See St. Mary's Honor Center v. Hicks,* 509 U.S. 502, 506-07, 113 S. Ct. 2742, 2747 (1993); *see also Burdine,* 450 U.S. at 254, 101 S. Ct. at 1094. "The effect of the presumption of discrimination created by establishment of the prima facie case is to

shift to the employer the burden of producing legitimate, non-discriminatory reasons for the challenged employment action. To satisfy that burden of production, '[the] defendant need not persuade the court that it was actually motivated by the proffered reasons. It is sufficient if the defendant's evidence raises a genuine issue of fact as to whether it discriminated against the plaintiff.'" *Combs v. Plantation Patterns,* 106 F.3d 1519, 1528 (11th Cir. 1997) (*citing Burdine,* 450 U.S. at 254, 101 S. Ct. at 1094). "This burden is one of production, not persuasion; 'it can involve no credibility assessment.'" *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 142, 120 S. Ct. 2097, 2106 (2000) (citing *St. Mary's Honor Center*, 509 U.S. at 509, 113 S. Ct. 2742).

Defendant argues that it had legitimate, non-discriminatory reasons for hiring Calvert. Defendant avers that it believed Calvert to be the better qualified candidate for the Fountain Sales position because Calvert had sales experience, was familiar with the area and product, and interviewed better than plaintiff. Stewart Depo. at 8; Sutter Depo. at 10-13.

Because defendant has articulated a legitimate, non-discriminatory reason for its employment action, the burden shifts back to plaintiff to produce evidence that the defendant's articulated reason is pretextual. *See, e.g., McDonnell Douglas*, 441 U.S. at 804, 93 S.Ct. at 1825; *Carter v. Three Springs Residential Treatment*, 132 F.3d 635, 643 (11th Cir. 1998). Plaintiff argues that defendant's reasons are a pretext for discrimination because he believes that his twenty-eight years with United made him the more qualified applicant. Nichols Depo. at 46. Plaintiff also argues that the fact that all Fountain Sales

7

positions are occupied by whites is proof of discrimination. *See* Pla. Ex. 6; Pla. brief at 11.

Plaintiff's argument fails to establish that defendant's legitimate, non-discriminatory reasons for its decision are pretextual. First, an employer may promote an applicant whom it believes to be better qualified for the position. In promoting Calvert, defendant promoted an applicant who exceeded the minimal qualifications for the position. Calvert's additional skills were relevant to the position for which he applied. "[F]ederal courts do not sit to second-guess the business judgment of employers . . . a plaintiff may not establish that an employer's proffered reason is pretextual merely by questioning the wisdom of the employer's reason, at least not where, as here, the reason is one that might motivate a reasonable employer." *Combs v. Plantation Planters*, 106 F.3d 1519, 1543 (11th Cir. 1997). "[T]he court's responsibility [is] not to second guess the wisdom of [defendant's] reasoning, but to determine if the reasons given [are] merely a cover for discriminatory intent." *Brown v. American Honda Motor Co., Inc.*, 939 F.2d 946, 951 (11th Cir. 1991). The court finds that the defendant's articulated legitimate reason, that hiring a person with sales experience was important for a position in which seventy percent of its responsibilities involved sales, is a reason that would motivate a reasonable employer.

Plaintiff also attempts to rely on statistical evidence. Plaintiff argues that four white males were previously promoted to the Fountain Sales position despite lacking sales experience. However, plaintiff has failed to produce evidence demonstrating that

blacks applied for these positions. *See* Nichols Depo. at 39, 48. Indeed, plaintiff himself had never applied previously for a Fountain Sales position. *See* Nichols Depo. at 26-29. Plaintiff, therefore, lacks the foundation on which to compare his credentials to the selected candidates. *See Brown*, 939 F.2d at 952. Additionally, Stewart, who made the decision to hire Calvert, played no role in the promotions of the previous white applicants. Plaintiff cannot identify who promoted any of the other Fountain Sales personnel. Although not dispositive, courts in the Eleventh Circuit have held that actions taken by "different supervisors may not be comparable for purposes of Title VII analysis." *See Jones v. Gerwens*, 874 F.2d 1534, 1541 (11th Cir. 1989); *Gaston v. Home Depot USA, Inc.*, 129 F.Supp.2d 1355, 1369 (S.D. Fla. 2001). Thus, plaintiff's attempt to rely on statistical evidence must fail.

  Count II of plaintiff's complaint alleges that defendant violated the Alabama Age Discrimination in Employment Act of 1997 ("AADEA") (Ala. Code §§ 25-1-20 through 25-1-29) in failing to promote him. Section 25-1-29 of the AADEA adopted the remedies and defenses of the federal Age Discrimination in Employment Act ("ADEA"). The court analyzes Nichols' age claim under the federal ADEA principles. *See Bonham v. Regions Mortgage, Inc.*, 129 F.Supp. 2d 1315, 1321 (M.D. Ala. 2001).

  Plaintiff bases his claim of age discrimination on the following belief: "I just feel like some companies - - they - - they want a younger man at - - a younger man at - - doing the job because they feel like they'll be there longer." Nichols dep. at 48. Plaintiff has not provided any direct evidence of age discrimination and therefore must rely on

9

circumstantial evidence to establish a prima facie case. As such, plaintiff must show that "he (1) was a member of the protected age group, (2) was subjected to adverse employment action, (3) was qualified to do the job, and (4) was replaced by or otherwise lost a position to a younger individual." *Chapman v. AI Transport*, 229 F.3d 1012, 1024 (11th Cir. 2000).

As with his claim of discrimination based on race, plaintiff has established a prima facie case, but has failed to come forward with any evidence to rebut defendant's legitimate, non-discriminatory reasons for hiring Calvert. Plaintiff's feelings about companies in general, or this defendant in particular, are insufficient to establish discrimination based on age. The plaintiff fails to produce evidence "to permit a reasonable factfinder to conclude that the reasons given by the employer were not the real reasons for the adverse employment decision." *Chapman*, 229 F.3d at 1024. As plaintiff cannot satisfy his burden of showing that age played an impermissible role, or any role, in the decision at issue, his claim under the AADEA fails.

## V. Conclusion

The court, finding that there are no genuine issues of material fact in dispute, **ORDERS** that the defendant's motion for summary judgment is hereby **GRANTED**. The plaintiff's claims are **DISMISSED WITH PREJUDICE**. Each party is to bear its own costs.

DONE this __8__ day of January, 2002.

INGE P. JOHNSON
U.S. DISTRICT JUDGE